UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATURES WAY MARINE, LLC | * | CIVIL ACTION NO.: 15:1743 |
| | | C/W 15-6744 |
| UNDERWRITERS SUBSCRIBING TO | * | |
| P&I POLICY NO. HPI-12-130322, AND | * | SECTION: B |
| UNDERWRITERS SUBSCRIBING TO | * | DIVISION: 1 |
| EXCESS POLICY NO. | * | |
| MUS333398-12-1 | * | |
| | * | |
| VS | * | |
| | * | |
| UNDERWRITERS SUBSCRIBING TO | * | |
| CARGO POLICY NO. B0180P133593 | * | |
| | * | PERTAINS TO 15:6744 |
| *   *   *   *   *   *   * | | |

### Memorandum in support of motion to enforce settlement

Nearly a year ago, plaintiff, the excess P&I Underwriters for Natures Way, LLC, and defendant, the cargo underwriters for Third Coast Towing, LLC, settled this suit. Or at least they thought they did. Despite the intervening months, plaintiffs have not been paid. Despite P&I Underwriters making it clear repeatedly that the plaintiffs in this lawsuit only own – and can only settle – those claims brought in this litigation, cargo underwriters have been unwilling to settle unless cargo underwriters obtain a release with indemnity for any other claims that may be out there. Those other claims aren't owned by excess P&I Underwriters, they weren't the subject of this lawsuit, and they are not a part of the settlement. Excess P&I Underwriters have been clear about that throughout.

Cargo Underwriters entered into a settlement of this lawsuit, for the claims brought in this lawsuit, and necessarily, for the claims that must have been brought in this lawsuit under Fed. R. Civ. P. 18. Cargo underwriters are not entitled to more. Therefore Excess P&I Underwriters respectfully move this court to enforce the judgment and mandate payment

1

of the negotiated settlement from cargo underwriters to Excess P&I Underwriters, with interest.

In January of 2013, a vessel owned and operated by Natures Way was pushing two barges owned by Third Coast Towing. The boat pushed the barges into the Vicksburg River Bridge, causing a spill and litigation. In that litigation, one of the issues was which insurance policy or policies should apply and in what proportion. In many communications, including 21st May 2014 correspondence to Third Coast Towing's cargo underwriters (attached as Exhibit "A.") When settlement did not occur, the lawsuit followed.

That lawsuit is clear: it is Natures Way and Natures Way's P&I Underwriters pursuing Third Coast's cargo underwriters, alleging that amounts paid by P&I Underwriters are actually owed by Third Coast's cargo underwriters. Cargo underwriters opposed this claim, and it was negotiated and resolved and resolved for a specific sum.

When Cargo Underwriters sent a draft receipt and release, P&I Underwriters responded that under no circumstances could P&I Underwriters warrant they own a claim they don't actually own, and P&I Underwriters could not indemnify cargo underwriters for a claim they don't own.[1] The parties have been unable to come up with mutually agreeable release wording despite diligent effort on both sides to resolve it, necessitating this motion. Ultimately, cargo underwriters are unwilling to tender funds absent a broader release than was negotiated.

### Standard of Review

"The Fifth Circuit regards a settlement agreement as a contract, and courts are instructed to enforce them as they would a contract." *Guidry v. Halliburton Geophysical Servs*, 976 F. 2d 938, 940 (5th Cir. 1992). "Under maritime law, an oral agreement to settle

---

[1] The email thread is Exhibit "B."

a case or controversy is binding and is commonplace in the industry. *Kossick v. United Fruit Co.*, 365 U.S. 731, 734 (1961). Settlement agreements are favored. See *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). Because it is presumed that the parties making settlements have consulted their own interests, settlement agreements should not be taken lightly or be interfered with or impeached. *Thibaut v. Ourso*, 605 F.Supp. 1, 2-3 (M.D. La.1981). "It is well settled that in the absence of fraud, mistake, or other circumstance going to the validity of the agreement, a settlement voluntarily entered into cannot be repudiated by either party or set aside by the court." *E.N. Bisso & Son, Inc. v. World Marine Transp. & Salvage*, 1996 WL 28520, at *5 (E.D. La. 1996). The parties reached a settlement: Cargo Underwriters would pay a specific sum in exchange for dismissal of the lawsuit. Only after that settlement, and after this Court dismissed the Complaint, did Cargo Underwriters demand

There is no communication of any sort indicating that Cargo Underwriters sought, or thought they were entitled to, or mentioned indemnity for third-party claims prior to the draft release. This Court faces an issue of contractual silence, not the absence of a contract. In the face of contractual silence, the Court's task is to determine the parties' intentions because "the understanding of each promisor in a contract must include any promises which a reasonable person in the position of the promisee would be justified in understanding were included." See *Rowe v. Great Atlantic & Pac. Tea Co., Inc.*, 46 N.Y.2d 62, 69 (N.Y.1978) (quoting 5 Williston on Contracts § 1293 (rev. ed.1937)). "Courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include." *Rowe*, 46 N.Y 2d at 72. "[S]uch lack of foresight does not create rights or obligations." *Mutual Life Ins. Co. of N. Y. v Tailored Woman*, 309 N.Y. 248, 253 (N.Y. 1955).

Fortunately there is precedent on point: *Orgulf Transport Co. v. Magnolia Marine Transport*, No. Civ. A. 97-1411, 1999 WL 694099 (E.D. La. Sept. 3, 1999) (Duval, J.) and *Berger, et al v. USAA General Indemnity Co.*, C/A No. 2008 WL 1730533 06-11151 (E.D. La. Apr. 10 2008) (Barbier, J.). *Orgulf* is directly on point. The parties settled a claim. After settling, the defendant wanted indemnity for third-party claims. The plaintiff refused. Judge Duval upheld the settlement as written.

Likewise, in *Altro Donna, LLC M/V v. Terraquest Group LLC et al.*, C/A No. 13-5197 (E.D. La. Jan. 29, 2016). This Court concluded that the terms of a settlement include only those terms expressly negotiated, no more: "[a]t the settlement conference, the parties reached the essential elements of a settlement agreement, specifically, that they would settle the matter and the amount of money that plaintiffs would receive. Indemnification was not discussed. Thus, it was not a part of the agreement."

*Altro Donna* is no different than this. The plaintiff sued the defendant for a specific claim – there, property damage to the M/V ALTRO DONNA; here, the specific sums paid by P&I Underwriters. The defendant settled those claims. The defendant then asked for indemnity for additional claims – there, any third-party claims arising out of the same collision; here, any and all claims arising out of the same collision. M/V ALTRO DONNA could not release or afford indemnity for claims it did not own. Excess P&I Underwriters are in the same bind. The result should be the same.

## Conclusion

For the foregoing reasons, Excess P&I Underwriters respectfully move this Court to enforce the settlement, and to award interest to Excess P&I Underwriters on the settlement.

Respectfully submitted

/s/Harry E. Morse
**HARRY E. MORSE (La. Bar 31515)**
650 Poydras Street, Suite 2710
New Orleans, LA  70130
Telephone: (504) 799-3141
Facsimile: (504) 524-9003
E-mail: harry@harrymorse.com
Attorneys for Plaintiffs, Natures Way and P&I Underwriters.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 12th day of February, 2018.

/s/Harry E. Morse